## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FOSTER, | : | **CIVIL ACTION NO. 2:11-cv-02476** |
| *Plaintiff,* | : | |
| vs. | : | |
| KEYSTONE FREIGHT CORP, | : | |
| *Defendant.* | : | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Keystone Freight Corp. ("Defendant"), by and through its undersigned counsel, request that the jury in this matter be charged in the form attached, or as otherwise modified, amended, or supplemented in accordance with applicable rules. Defendant reserves its right to modify, amend, or supplement its proposed jury charges in accordance with applicable rules.

By:     Respectfully Submitted,

*/s/ James J. Panzini*
James J. Panzini
Andrew D. La Fiura
JACKSON LEWIS LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102-1317
Tel: (267) 319-7802
Fax: (215) 399-2249
ATTORNEYS FOR DEFENDANT

Dated:  October 24, 2012

## REQUESTED CHARGE 1

## PRETRIAL INSTRUCTION REGARDING ROLE OF THE JURY

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Model Civ. Jury Inst., 3rd Cir., (2012) §1.1

## REQUESTED CHARGE NO. 2

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance.   You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

Model Civ. Jury Inst., 3rd Cir., (2012) §1.3

## PROPOSED CHARGE NO. 3

### **BENCH CONFERENCES**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Model Civ. Jury Inst., 3rd Cir., (2012) §1.4

## PROPOSED CHARGE NO. 4

### <u>EVIDENCE</u>

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated--that is, formally agreed to by the parties; and
4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.


The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court=s ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

Model Civ. Jury Inst., 3rd Cir., (2012) §1.5

## PROPOSED CHARGE NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called direct evidence. An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses, something the witness has seen, felt, touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Model Civ. Jury Inst., 3rd Cir., (2012) §1.6

## PROPOSED CHARGE NO. 6

## <u>PREPONDERANCE OF THE EVIDENCE</u>

This is a civil case.  Plaintiff is the party who brought this lawsuit. Defendant is the party against which the lawsuit was filed. Plaintiff has the burden of proving his case by what is called the preponderance of the evidence.  That means plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side.  If plaintiff fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

<u>Model Civ. Jury Inst.</u>, 3rd Cir., (2012) §1.10

## PROPOSED CHARGE NO. 7

## <u>DESCRIPTION OF TRIAL PROCEEDINGS</u>

The trial will proceed in the following manner:

First, attorney(s) for plaintiff(s) will make an opening statement to you.  Next, attorney(s) for defendant(s) may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.

After the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff goes first because plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for defendant may cross-examine, and plaintiff may also present evidence. Following plaintiff's case, defendant may present evidence.   Counsel for plaintiff may cross-examine witnesses for the defense.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law.  After that you will retire to the jury room to deliberate on your verdict in this case.

<u>Model Civ. Jury Inst.</u>, 3rd Cir., (2012) §1.12

## PROPOSED CHARGE NO. 8

### <u>SYMPATHY OR BIAS</u>

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion.

The Plaintiff is entitled to a fair consideration of his claims and the Defendant is entitled to a fair consideration of its defenses. A corporation is nothing more than a group of people. It is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a Court of Justice.

<u>Kerr v. City of Chicago</u>, 424 F.2d 1134, 1138-39 (7th Cir.), <u>cert.</u> <u>denied</u>, 400 U.S. 833 (1970); Mathes, <u>Jury Instructions and Forms for Federal Civil Cases</u>, 28 F.R.D. 401, 414; DeVitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, (4th ed.) §§ 71.02 and 70.04.

## PROPOSED CHARGE NO. 9

## <u>CREDIBILITY OF WITNESSES</u>

As members of the jury, you are the sole judges of the facts.  You pass upon the evidence.  You determine the credibility of witnesses.  You resolve any conflicts there may be in the testimony.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about, the witness' memory, any motives that the witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, please also keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider, therefore, whether a contradiction was an innocent misrecollection or lapse of memory, or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

<u>Model Civ. Jury Instr.</u>, 8th Cir., (1998) § 3.03; 3 L. Sand et .al., <u>Modern Jury Instructions</u>, Instruction No. 71-3.

**PROPOSED CHARGE NO. 10**

**<u>JUDICIAL NOTICE</u>**

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

<u>Model Civ. Jury Inst.</u>, 3rd Cir., (2012) §2.2

## PROPOSED CHARGE NO. 11

## <u>OPINION TESTIMONY</u>

You have heard [will hear] testimony containing opinions from [name of witness].  In weighing this opinion testimony, you may consider  [his/her] qualifications, the reasons for [his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court].

<u>Model Civ. Jury Inst.</u>, 3rd Cir., (2012) §2.11

## PROPOSED CHARGE NO. 12

## <u>ADA INTRODUCTORY INSTRUCTION</u>

In this case the Plaintiff Michael Foster makes a claim based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job. Terms such as "disability," "qualified individual" and "reasonable accommodations" are defined by the ADA and I will instruct you on the meaning of those terms.

Plaintiff's claim under the ADA is that he was terminated by defendant because he underwent a kidney transplant in 2007, three years prior to working for defendant.

Defendant denies plaintiff's claims.  Further, defendant asserts that plaintiff did not suffer from a disability, as that term is defined by the ADA, and that defendant had a legitimate reason for terminating plaintiff's employment unrelated to any disability.

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

<u>Model Civ. Jury Inst.</u>, 3rd Cir., (2012) §9.0

## PROPOSED CHARGE NO. 13

### ELEMENTS OF AN ADA CLAIM; DISPARATE TREATMENT; PRETEXT

In this case, Plaintiff is alleging that defendant terminated plaintiff based on an alleged disability. In order for plaintiff to recover on this discrimination claim against defendant, plaintiff must prove that defendant intentionally discriminated against plaintiff. This means that plaintiff must prove that his disability was a determinative factor in defendant's decision to terminate plaintiff's employment.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First: Plaintiff has a "disability" within the meaning of the ADA.

Second: Plaintiff is a "qualified individual" able to perform the essential functions of a truck driver.

Third: Plaintiff's disability was a determinative factor in defendant's decision to terminate his employment.

Although plaintiff must prove that defendant acted with the intent to discriminate on the basis of a disability, plaintiff is not required to prove that defendant acted with the particular intent to violate plaintiff's federal rights under the ADA. Moreover, plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

Defendant has given a nondiscriminatory reason for its decision to terminate plaintiff. If you disbelieve defendant's explanations for its conduct, then you may, but need not, find that plaintiff has proved intentional discrimination. In determining whether defendant's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question defendant's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of defendant or believe it is harsh or unreasonable. You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether plaintiff has proven his disability was a determinative factor in defendant's employment decision. "Determinative factor" means that if not for plaintiff's alleged disability, the termination would not have occurred.

Model Civ. Jury Inst., 3rd Cir., (2012) §9.1.2

### PROPOSED CHARGE NO. 14

## ADA DEFINITIONS – DISABILITY

Under the ADA, the term "disability" means a physical/mental impairment that "substantially limits" a "major life activity." I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinions as to what these terms mean.

#### "Physical/Mental Impairment"

The term "physical impairment" means any condition that prevents the body from functioning normally. The term "mental impairment" means any condition that prevents the mind from functioning normally.

#### "Major Life Activities"

Under the ADA, the term "disability" includes a physical/mental impairment that substantially limits a major life activity. Major life activities are activities that are of central importance to everyday life. Major life activities include the operation of major bodily functions. I instruct you that [describe activity] is a major life activity within the meaning of the ADA.

#### "Substantially Limiting"

Under the ADA, an impairment "substantially limits" a person's ability to describe relevant major life activity if it prevents or restricts him from relevant activity compared to the average person in the general population.

To decide if plaintiff's alleged impairment substantially limits plaintiff's ability to [relevant activity], you should consider the nature of the impairment and how severe it is, how long it is expected to last, and its expected long-term impact.

If you find that plaintiff's impairment is a substantial limitation, it does not matter that it can be corrected by the use of such devices as a hearing aid, medication, or prosthetics..

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but only appear from time to time. For example, if a person has a mental or physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it would substantially limit a major life activity when active.

If you find that plaintiff's impairment substantially limits one major life activity, you must find that it is a disability even if it does not limit any other major life activity.

The name of the impairment or condition is not determinative. What matters is the specific effect of an impairment or condition on the life of plaintiff.

The ADA's definition of "disability" includes not only those persons who are actually disabled, but also those who are "regarded as" having a disability by their employer. The reason for this inclusion is to protect employees from being stereotyped by employers as unable to perform certain activities when in fact they are able to do so. Plaintiff is "regarded as" disabled within the meaning of the ADA if he proves any of the following by a preponderance of the evidence:

> 1. Plaintiff had a physical or mental impairment that did not substantially limit his ability to perform [describe activity], but was treated by defendant as having an impairment that did so limit his ability to perform the activity; or

> 2. Plaintiff had an impairment that was substantially limiting in his ability to perform [describe activity] only because of the attitudes of others toward the impairment; or

> 3. Plaintiff did not have any impairment, but defendant treated him as having an impairment that substantially limited plaintiff's ability to perform [describe activity].

Also, Plaintiff can meet the requirement of being "regarded as" disabled if he was discriminated against because of an actual or perceived impairment, even if the impairment did not, or was not perceived to, limit a "major life activity."

However, plaintiff cannot be "regarded as" disabled if his impairment is temporary and minor. Under the ADA, a temporary impairment is one with an actual or expected duration of six months or less.

The ADA definition of "disability" includes not only those persons who persons who are actually disabled, but also those who have "a record of disability." Plaintiff has a "record of disability" if he proves by a preponderance of the evidence that he has a record of a "physical or mental impairment" that "substantially limited" his ability to perform a [describe activity], as I have defined those terms for you. This means that if plaintiff had a disability within the meaning of the ADA but has now recovered he still fits within the statutory definition because he has a record of disability.

Please keep in mind that the definition of "disability" is to be construed in favor of broad coverage of individuals. The primary question for you to decide is whether defendant has complied with its obligations under the ADA.

Model Civ. Jury Inst., 3rd Cir., (2012) §9.2.1

## PROPOSED INSTRUCTION NO. 15

## <u>COMPENSATORY DAMAGES – GENERAL INSTRUCTION</u>

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendant should be held liable.

If you find by a preponderance of the evidence that defendant violated plaintiff's rights under the ADA by terminating his employment, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put plaintiff in the position he would have occupied if the discrimination had not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without defendant's act. Plaintiff must also show that defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act. This test (a substantial part in bringing about the injury) is to be distinguished from the test you must employ in determining whether defendant's actions were motivated by discrimination. In other words, even assuming that defendant's actions were motivated by discrimination, plaintiff is not entitled to damages for an injury unless defendant's discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury.  To find that defendant's act caused plaintiff's injury, you need not find that defendant's act was the nearest cause, either in time or space. However, if plaintiff's injury was caused by a later, independent event that intervened between defendant's act and plaintiff's injury, defendant is not liable unless the injury was reasonably foreseeable by defendant.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that plaintiff experienced as a consequence of defendant's allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that plaintiff would have earned, either in the past or in the future, if he had continued in employment with defendant. These elements of recovery of wages that plaintiff

would have received from defendant are called "back pay" and "front pay." Under the applicable law, the determination of "back pay" and "front pay" is for the court. "Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that plaintiff may suffer in the future as a result of defendant's allegedly unlawful act. For example, you may award damages for loss of earnings resulting from any harm to plaintiff's reputation that was suffered as a result of defendant's allegedly unlawful act. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, he may find it more difficult to be employed in the future, or may have to take a job that pays less than if the act of discrimination had not occurred. That element of damages is distinct from the amount of wages plaintiff would have earned in the future from defendant if he had retained the job.

As I instructed you previously, plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that plaintiff prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that plaintiff has a duty under the law to "mitigate" his damages--that means that plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by defendant. It is defendant's burden to prove that plaintiff has failed to mitigate. So if defendant persuades you by a preponderance of the evidence that plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Model Civ. Jury Inst., 3rd Cir., (2012) §9.4.1

## PROPOSED CHARGE NO. 16

### <u>ADA DAMAGES – PUNITIVE DAMAGES</u>

Plaintiff claims the acts of defendant were done with malice or reckless indifference to the plaintiff's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so received nominal rather than compensatory damages.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of defendant personally acted with malice or reckless indifference to plaintiff's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

<u>Model Civ. Jury Inst.</u>, 3rd Cir., (2012) §9.4.2

## PROPOSED CHARGE NO. 17

### BACK PAY FOR ADVISORY OR STIPULATED JURY

If you find that defendant has violated plaintiff's rights under the ADA, then you must determine the amount of damages that defendant's actions have caused plaintiff. Plaintiff has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that plaintiff would have received from defendant had plaintiff not been the subject of defendant's conduct.

You must reduce any award by the amount of the expenses that plaintiff would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages plaintiff has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

Model Civ. Jury Inst., 3rd Cir., (2012) §9.4.3

## PROPOSED CHARGE NO. 18

## __DELIBERATIONS__

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Model Civ. Jury Inst., 3rd Cir., (2012) §3.1

4830-9243-8289, v. 1